## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**Case No.:**

---

**ZUMBA FITNESS, LLC**, a Florida limited liability company,

Plaintiff,

v.

**CUSTOMINK, LLC**, a Delaware limited liability company,

Defendant.

---

## COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, COPYRIGHT INFRINGEMENT AND RELATED CLAIMS

Plaintiff, **ZUMBA FITNESS, LLC** (hereinafter "Zumba" or "Plaintiff"), hereby brings this action against Defendant, **CUSTOMINK, LLC** (hereinafter "CustomInk" or "Defendant"), and alleges the following:

### NATURE OF THE ACTION

1.      This is an action for trademark counterfeiting, trademark infringement, unfair competition, and trademark dilution pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*); copyright infringement pursuant to the United States Copyright Act (17 U.S.C. § 501, *et. seq.*); trademark dilution pursuant to Fla. Stat. § 495.151; and trademark infringement and unfair competition pursuant to the common law of the State of Florida.

2.      Zumba is the exclusive owner of the trademark rights in and to the **ZUMBA** and **ZUMBA FITNESS** trademarks, as well as the distinctive logo shown here

(the "**ZUMBA** Logo"), and variations thereof that are set forth in Paragraph 12 below (collectively referred to as the "**ZUMBA** Trademarks").

3.     Zumba also owns a valid and subsisting copyright registration for its distinctive **ZUMBA** Logo (U.S. Reg. No. VA-1-654-875) (the "**ZUMBA** Copyright").  A true and correct copy of said copyright registration is attached hereto as Exhibit A.  The **ZUMBA** Copyright and the **ZUMBA** Trademarks are collectively referred to as the "**ZUMBA** Intellectual Property."

4.     Zumba's claims in the present action arise from Defendant's unauthorized distribution, advertisement, offer for sale, and/or sale of apparel – identified as "Zumba T-Shirts" and "Zumba tee shirts" – bearing confusingly similar and/or substantially indistinguishable imitations of the **ZUMBA** Intellectual Property (the "Offending Products"). Specifically, upon information and belief, Defendant has blatantly and intentionally offered for sale the Offending Products in an apparent attempt to build its business by trading off of the goodwill and commercial value Zumba has built up in the **ZUMBA** Intellectual Property.

5.     Defendant is not presently connected to or affiliated with Zumba in any way, nor does it have permission from Zumba to use the **ZUMBA** Intellectual Property. Rather, Defendant is blatantly exploiting the **ZUMBA** Intellectual Property for its own commercial gain, intending to confuse and deceive the public by drawing on Zumba's goodwill.  By advertising, promoting, offering for sale and selling the Offending Products, Defendant is likely to cause confusion and to deceive consumers and the public

2

regarding the source of Defendant's merchandise, all to the detriment of Zumba and the goodwill and commercial value Zumba has built up in the **ZUMBA** Intellectual Property.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action involves substantial claims arising under the Lanham Act and the U.S. Copyright Act.  This Court has jurisdiction over Zumba's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

7.      This Court has personal jurisdiction over Defendant because Defendant has distributed, offered for sale, and/or sold the Offending Products within this State (and specifically within this District), has engaged in acts or omissions within this State causing injury, has distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction.

8.      This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Zumba's claims occurred in this District, including the sale of the Offending Products to consumers within this District.

## THE PARTIES

9.      Plaintiff Zumba is a Florida limited liability company with its principal place of business located at 800 Silks Run, Suite 2310, Hallandale, Florida 33009. Zumba is the record owner of the **ZUMBA** Intellectual Property.

10.      On information and belief, and according to the records of the U.S. Patent & Trademark Office, Defendant CustomInk is a Delaware limited liability company with

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620 • Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

its principal place of business located at 2910 District Avenue, Fairfax, Virginia 22031. CustomInk is the registered owner of the domain name <customink.com>.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.    Zumba is a health, wellness, and fitness company engaged in, among other things, the creation and licensing of the exceedingly popular Zumba fitness programs. Zumba's business encompasses the production, sale, and licensing of its famous Zumba brand programs, fitness DVDs, fitness products, footwear, and apparel, all of which prominently display and/or are offered in connection with one or more of Zumba's famous and internationally-recognized, federally-registered trademarks.

12.    Zumba is the owner of the entire right, title and interest in and to the **ZUMBA** Trademarks, and owns various trademark registrations and applications for the **ZUMBA** Trademarks for a variety of goods and services, including but not limited to the following U.S. trademark registrations:

| Reg. No. | Depiction of Mark | Representative Goods and Services |
|---|---|---|
| 3,435,705 | **ZUMBA FITNESS (word mark)** | Pre-recorded CDs, video tapes, laser disks and DVDs featuring physical fitness and exercise instruction; Video recordings featuring physical fitness and exercise instruction, in International Class 9 |
| 3,244,094 | **ZUMBA (word mark)** | Education services, namely, providing classes in the field of dance and exercise, in International Class 41 |

4

| Reg. No. | Depiction of Mark | Representative Goods and Services |
|---|---|---|
| 4,059,416 |  | Education and Entertainment services, namely, providing classes and instruction in the field of dance, fitness and exercise, in International Class 41, etc. |
| 4,059,419 |  | Education and Entertainment services, namely, providing classes and instruction in the field of dance, fitness and exercise, in International Class 41, etc. |
| 4,059,424 |  | Education and Entertainment services, namely, providing classes and instruction in the field of dance, fitness and exercise, in International Class 41, etc. |
| 3,452,872 |  | Education services, namely, providing classes in the field of dance and exercise, in International Class 41 |

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620 • Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

| Reg. No. | Depiction of Mark | Representative Goods and Services |
|---|---|---|
| 3,452,926 | ZUMBA fitness | Pre-recorded CDs, video tapes, laser disks and DVDs featuring physical fitness and exercise instruction; Video recordings featuring physical fitness and exercise instruction, in International Class 9 |
| 3,618,757 | **ZUMBATHON (word mark)** | Charitable fund raising services, in International Class 36 |

13.     The foregoing registrations for the **ZUMBA** Trademarks are valid, subsisting, irrevocable, and in full force and effect.  True and correct copies of the above registrations are attached hereto as Exhibit B.

14.     Additionally, Zumba owns common law trademark rights in the **ZUMBA** Trademarks for use in connection with fitness apparel, accessories and other related goods, as well as fitness and retail store services.

15.     The **ZUMBA** Logo is an original work of authorship created solely by Zumba and is copyrightable subject matter under the Copyright Law of the United States, 17 U.S.C. § 101 *et seq*.

16.     Zumba is currently and at all relevant times has been the sole proprietor of all right, title and interest in and to the **ZUMBA** Copyright. Zumba has produced and distributed the **ZUMBA** Logo in strict conformity with the provisions of the Copyright Act of 1976 and all other laws governing copyright.

6

17.     Zumba maintains strict quality control standards for all of its goods sold, and services offered, in connection with the **ZUMBA** Intellectual Property.

18.     Zumba-branded products and services have achieved great success. Since its inception in 2001, Zumba's wellness programs have grown to be the world's largest and most successful dance fitness program with more than 15 million people taking weekly Zumba classes in over 200,000 locations across more than 180 countries.

19.     Zumba has also extensively advertised and promoted the products manufactured, sold and offered for sale under the **ZUMBA** Trademarks.

20.     As a result of Zumba's broad media exposure, and the uninterrupted and continuing promotion and sale of products and services bearing the **ZUMBA** Trademarks, these marks have come to immediately identify Zumba as the exclusive source of products bearing the marks, and signify goodwill of incalculable value.

## DEFENDANT'S UNLAWFUL ACTIVITIES

21.     On information and belief, Defendant is manufacturing, creating, facilitating the design of, advertising, promoting, marketing, offering for sale, selling and distributing the Offending Products, examples of which are displayed below, using identical reproductions of the **ZUMBA** Intellectual Property:

7

**CustomInk**
Design T-shirts Online

TALK TO A REAL PERSON
800-293-4232

CHAT WITH A REAL PERSON
CHAT NOW

Design Customized Zumba T-Shirts Online          Start Now >

Design Zumba tee shirts for your exercise class, gym, or dance studio. Free shipping, guaranteed delivery dates, no minimums.

## Zumba Group Photos and T-Shirt Design Ideas

Brighten up everyone's day with custom zumba t-shirts from CustomInk! Your group will stand out and look great in personalized performance t-shirts and dancewear just like our fun Zumba dancers below. Need more inspiration? Check out our dance t-shirt design ideas for a starting point.

## Custom T-Shirts for Zumba kids



**Zumba Kids Waikiki Elem** by Zumba kids – over 1 year ago



"35 kids ages 5-7 join after school Zumba kids. They each received a shirt on the last day and performed songs in front of family and friends. The shirts were beautiful, the kids and parents w..."

View full details
Is this photo a winner?

8

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620 • Miami, Florida 33156 • (305) 777-1720 • (305) 456-4922 telecopier

## Custom T-Shirts for zumbathon

**Tema Aliana's Angels** by - about 1 month ago



"For the past three years, I have worked with CustomInk to design our team shirts for the March for Babies. Here's our team, Aliana's Angels, at a Zumbathon event to raise funds for the March of Di..."

View full details
Is this photo a winner?

22.     On information and belief, Defendant was familiar with the **ZUMBA** Intellectual Property when it commenced manufacturing, creating, facilitating the design of, promoting, offering for sale, selling and/or distributing the Offending Products.

23.     On information and belief, Defendant is currently manufacturing and selling the Offending Products in competition with genuine Zumba apparel.

24.     On information and belief, Defendant intentionally identified the Offending Products to mislead and deceive consumers into believing that such products were currently manufactured, authorized, approved, or licensed by Zumba.

25.     On information and belief, Defendant made false and misleading statements to consumers regarding Defendant's purported authorization to include the **ZUMBA** Intellectual Property in connection with the manufacture, creation, design and sale of the Offending Products.

9

26.     On information and belief, Defendant has falsely led consumers to believe that designs incorporating the **ZUMBA** Intellectual Property were being "sent … for final approval from our team that will submit [them] to Zumba," when, in fact, Defendant did not send designs incorporating the **ZUMBA** Intellectual Property to Zumba for approval. A redacted copy of Defendant's communications with a consumer is attached hereto as Exhibit C.

27.     Defendant is not licensed, authorized, sponsored, endorsed, or approved by Zumba to manufacture, create, facilitate the design of, advertise, market, promote, distribute, offer for sale and/or sell products bearing any of the **ZUMBA** Intellectual Property.

28.     Zumba has used the **ZUMBA** Intellectual Property extensively and continuously since long before Defendant began its unauthorized use of the **ZUMBA** Intellectual Property in connection with efforts to promote and sell the Offending Products.

29.     Defendant's use of substantially indistinguishable and/or confusingly similar imitations of the **ZUMBA** Intellectual Property is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the Offending Products manufactured and sold by Defendant are authorized by Zumba, which they are not.  The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of the **ZUMBA** Trademarks is causing irreparable harm to the goodwill symbolized by the **ZUMBA** Trademarks and the reputation for quality that they embody.

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620 • Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

30.     Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing the Offending Products at the point of sale are likely to mistakenly attribute the product to Zumba or believe that Zumba has authorized or approved the manufacture, design, and sale, when it has not. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products.   By causing such a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the **ZUMBA** Trademarks and the reputation for quality that they embody.

31.     On information and belief, Defendant used reproductions of the **ZUMBA** Intellectual Property in connection with the manufacture and sale of products that are directly competitive to those offered by Zumba.   Defendant began using these unauthorized reproductions to manufacture, promote, and sell the Offending Products well after Zumba had established protectable rights in the **ZUMBA** Intellectual Property, and well after the **ZUMBA** Trademarks became famous.

32.     On information and belief, Defendant knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar reproductions of the **ZUMBA** Intellectual Property.

33.     On information and belief, Defendant was familiar with and had access to the famous **ZUMBA** Trademarks, the **ZUMBA** Copyright, and Zumba products bearing the **ZUMBA** intellectual property when it created, began offering for sale, and sold the Offending Products. On further information and belief, Defendant intentionally

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620 • Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

manufactured and/or facilitated the design of the Offending Products to mislead and deceive consumers into believing that those products were sold, authorized, approved, or licensed by Zumba.

34.     On information and belief, Defendant had access to and copied the **ZUMBA** Copyright.

35.     On information and belief, Defendant intentionally infringed the **ZUMBA** Copyright by manufacturing, creating, facilitating the design of, promoting, distributing, offering for sale and/or selling the Offending Products, which include elements substantially similar to the **ZUMBA** Copyright, without Zumba's consent or authorization.

36.      Prior to initiating this action, Zumba sent CustomInk correspondence placing CustomInk on notice of Zumba's rights and claims in this action. CustomInk has not, as of the date of Zumba's filing of this action, responded to Zumba's letter, a redacted copy of which is attached hereto as <u>Exhibit D</u>.

<strong><u>FIRST CLAIM FOR RELIEF</u></strong><br>(Federal Trademark Infringement)

37.     Zumba repeats and incorporates Paragraphs 1 through 36 inclusive as if set forth verbatim herein.

38.     The registrations embodying the **ZUMBA** Trademarks are in full force and effect, and the **ZUMBA** Trademarks are entitled to protection under both federal law and common law.

12

39.     Defendant, without authorization from Zumba, has used and is continuing to use spurious designations that are identical to, or substantially indistinguishable from, the **ZUMBA** Trademarks in interstate commerce.

40.     The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Offending Products are genuine or authorized Zumba-branded products.

41.      Upon information and belief, Defendant has acted with knowledge of Zumba's ownership of the **ZUMBA** Trademarks and with deliberate intention or reckless disregard to unfairly benefit from the incalculable goodwill inherent in the **ZUMBA** Trademarks.

42.     Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

43.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

44.     Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

45.     Defendant's acts have damaged and will continue to damage Zumba, and Zumba has no adequate remedy at law.

46.     In light of the foregoing, Zumba is entitled to and demands injunctive relief prohibiting Defendant from using the **ZUMBA** Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendant all

13

damages, including attorneys' fees, that Zumba has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement)

47.     Zumba repeats and incorporates Paragraphs 1 through 36 inclusive as if set forth verbatim herein.

48.     Defendant's use of confusingly similar imitations of the **ZUMBA** Trademarks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Offending Products are presently manufactured or distributed by Zumba, or associated or connected with Zumba, or have the sponsorship, endorsement, or approval of Zumba.

49.     Defendant has used marks confusingly similar to Zumba's federally-registered marks in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Zumba's goodwill and reputation as symbolized by the federally-registered **ZUMBA** Trademarks, for which Zumba has no adequate remedy at law.

50.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Zumba's federally-registered **ZUMBA** Trademarks to Zumba's great and irreparable injury.

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620 • Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

51.     Defendant has caused and is likely to continue causing substantial injury to the public and to Zumba, and Zumba is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

### THIRD CLAIM FOR RELIEF
(Federal Unfair Competition)

52.     Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 36.

53.     Defendant's use of confusingly similar imitations of the **ZUMBA** Trademarks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Offending Products are presently manufactured or distributed by Zumba, or are affiliated, connected, or associated with Zumba or have the sponsorship, endorsement, or approval of Zumba.

54.     Defendant has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Zumba's goodwill and reputation as symbolized by the **ZUMBA** Trademarks, for which Zumba has no adequate remedy at law.

55.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the **ZUMBA** Trademarks to the great and irreparable injury of Zumba.

15

56.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Zumba.  Zumba is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

**FOURTH CLAIM FOR RELIEF**
(Federal Trademark Dilution)

57.     Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 36.

58.     Zumba has extensively and continuously promoted and used the registered **ZUMBA** Trademarks both in the United States and throughout the world.  The marks thereby had become famous and well-known symbols of Zumba's goods and services well before Defendant offered for sale and sold the Offending Products complained of in this Complaint.

59.     Defendant is making commercial use in commerce of a mark that dilutes and is likely to dilute the distinctiveness of the **ZUMBA** Trademarks by eroding the public's exclusive identification of this famous mark with Zumba, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish goods and services.

60.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the **ZUMBA** Trademarks or to cause dilution of the **ZUMBA** Trademarks, to the great and irreparable injury of Zumba.

16

61.     Defendant has caused and will continue to cause irreparable injury to Zumba's goodwill and business reputation, and dilution of the distinctiveness and value of Zumba's famous and distinctive **ZUMBA** Trademarks in violation of 15 U.S.C. § 1125(c). Zumba therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## FIFTH CLAIM FOR RELIEF
(Federal Copyright Infringement)

62.     Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 36.

63.     Zumba owns a copyright registration for the **ZUMBA** Copyright.

64.     Zumba has complied in all respects with the U.S. Copyright Act and with all other laws governing copyright in connection with its registered works.  Zumba is the proprietor of all rights, title, and interest in and to the **ZUMBA** Copyright.

65.     As the owner of the **ZUMBA** Copyright, Zumba is entitled to exclusive use of this design without unauthorized use by third parties.

66.     Given the widespread popularity of Zumba products bearing the **ZUMBA** Copyright, on information and belief, Defendant had access to said copyrighted work and, upon information and belief, Defendant has knowingly infringed upon said design by distributing, advertising and selling identical and/or substantially similar copies of the design to the public in violation of 17 U.S.C. § 501.

67.     Upon information and belief, Defendant has intentionally, knowingly, and willfully copied the **ZUMBA** Copyright and/or offered for sale and sold product bearing

17

the **ZUMBA** Copyright without authorization from Zumba in order to personally benefit from the widespread customer recognition and acceptance of the **ZUMBA** Copyright, and to capitalize upon the market created by Zumba.

68.     Upon information and belief, the aforesaid infringements by Defendant of the **ZUMBA** Copyright occurred and continues to occur with Defendant's knowledge that the **ZUMBA** Copyright is a copyrighted design and Defendant, in committing the acts complained of herein, has willfully infringed upon Zumba's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, *et seq.*

69.     Defendant's infringement of the **ZUMBA** Copyright irreparably damages Zumba, and Zumba is informed and believes that Defendant will continue such infringement unless enjoined by this Court.

70.     Zumba has suffered a loss of profits and other damages, and Defendant has earned illegal profits in an amount to be proven at trial, as the result of the aforesaid acts of Defendant.

71.     Zumba has no adequate remedy at law.

72.     In light of the foregoing, Zumba is entitled to injunctive relief prohibiting Defendant from using any of Zumba's copyrighted works, including the **ZUMBA** Copyright, and to recover from Defendant all damages, including attorneys' fees, that Zumba has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b) or statutory

18

damages pursuant to 17 U.S.C. § 504(b), and attorneys' fees and treble damages pursuant to 17 U.S.C. § 505(b).

## SIXTH CLAIM FOR RELIEF
(Florida Trademark Dilution and Injury to Business Reputation)

73.     Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 36.

74.     Zumba has extensively and continuously promoted and used the registered **ZUMBA** Trademarks both in the United States and throughout the world, and the marks have become a distinctive, famous and well-known symbol of Zumba's goods and services.

75.     Defendant's unauthorized use of Zumba's registered **ZUMBA** Trademarks dilutes and is likely to dilute the distinctiveness of the **ZUMBA** Trademarks by eroding the public's exclusive identification of these famous and well-known marks with Zumba, and tarnishing and degrading the positive associations and prestigious connotations of the **ZUMBA** Trademarks.

76.     Defendant is causing and will continue to cause irreparable injury to Zumba's goodwill and business reputation, and dilution of the distinctiveness and value of Zumba's famous and distinctive **ZUMBA** Trademarks in violation of Florida law, FLA. STAT. ANN. § 495.151. Zumba therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
(Common Law Trademark Infringement and Unfair Competition)

19

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620 • Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier

77.     Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 36.

78.     Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of Zumba unless restrained by this Court.  Zumba has no adequate remedy at law for this injury.

79.     On information and belief, Defendant acted with full knowledge of Zumba's use of, and statutory and common law rights to, the **ZUMBA** Trademarks and without regard to the likelihood of confusion of the public created by Defendant's activities.

80.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the **ZUMBA** Trademarks to the great and irreparable injury of Zumba.

81.     As a result of Defendant's acts, Zumba has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Zumba is entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and to costs.  In light of the deliberately fraudulent and malicious use of confusingly similar imitations of the **ZUMBA** Trademarks, and the need to deter Defendant from similar conduct, Zumba additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Zumba prays that:

1.     Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under

20

authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined preliminarily and permanently, from:

a. using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks or trade dress of Zumba;

b. using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Zumba, or are sponsored or authorized by Zumba or are in any way connected or related to Zumba;

c. using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, trade dress, service marks, names, or logos of Zumba;

d. passing off, palming off, or assisting in passing off or palming off Defendant's goods or services as those of Zumba, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

e. further infringement of the **ZUMBA** Copyright in any manner, including inducing others to infringe said copyrighted design, and/or contributing to such infringement;

21

2.     Defendant be ordered to recall all products bearing the **ZUMBA** Intellectual Property or any other confusingly similar variation thereof, which have been shipped by Defendant or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

3.     Defendant be ordered to deliver up for impoundment and for destruction all exercise equipment, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Defendant that are found to adopt, to infringe, or to dilute any of the **ZUMBA** Trademarks, Copyright or trade dress or that otherwise unfairly compete with Zumba and its products and services;

4.     Defendant be compelled to account to Zumba for any and all profits derived by Defendant from the sale or distribution of the Offending Products as described in this Complaint;

5.     Zumba be awarded all damages caused by the acts forming the basis of this Complaint;

6.     Based on Defendant's knowing and intentional use of confusingly similar imitations of the **ZUMBA** Trademarks and Copyright, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.     Defendant be required to pay to Zumba the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

22

8.     Based on Defendant's willful and deliberate infringement and dilution of the **ZUMBA** Trademarks, and to deter such conduct in the future, Zumba be awarded punitive damages;

9.     Defendant be required to pay prejudgment interest on the damages and profits awards; and

10.     Zumba have such other and further relief as the Court may deem just.


Dated: May 9, 2016                     Respectfully submitted,

                                       **FRIEDLAND VINING, P.A.**

                                        /s/Jaime Rich Vining
                                       David K. Friedland
                                       Florida Bar No. 833479
                                       Jaime Rich Vining
                                       Florida Bar No. 30932
                                       9100 S. Dadeland Blvd.
                                       Suite 1620
                                       Miami, Florida 33156
                                       305.777.1720 telephone
                                       305.456.4922 facsimile
                                       dkf@friedlandvining.com
                                       jrv@friedlandvining.com

                                       *Attorneys for Plaintiff*
                                       *Zumba Fitness, LLC*

23

**FRIEDLAND VINING, P.A.** • 9100 S. Dadeland Blvd., Suite 1620 • Miami, Florida 33156 •
(305) 777-1720 • (305) 456-4922 telecopier